UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2012 SEP 24  A 11: 06

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CRIMINAL NO. |
| ) | |
| v. ) | VIOLATIONS: |
| ) | |
| ROBERT A. HILL, SR., ) | 29 U.S.C. § 501(c) (Embezzlement by Officer of Labor Union) |
| ) | |
| defendant. ) | 18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461(c) (Forfeiture Allegation) |

12-cr-10308

INFORMATION

The United States Attorney charges:

General Allegations

1. At all times material to this Information, defendant ROBERT A. HILL, SR. was a resident of Methuen, Massachusetts.

2. At all times relevant to this Information, Local Lodge 1271 of the International Association of Machinists and Aerospace Workers ("Lodge 1271") was a labor organization in an industry affecting commerce within the meaning of Sections 402(i) and 402(j) of Title 29 of the United States Code.

3. Beginning in or before 1997 and continuing until in or about December 2009, HILL served as the Secretary-Treasurer of Lodge 1271.

4. In his capacity as Secretary-Treasurer, HILL was entrusted with control and supervision of bank accounts and financial records of Lodge 1271.

5. On numerous occasions between in or about 2000 and in or about 2009, HILL embezzled monies from bank accounts owned Lodge 1271, usually taking amounts that ranged from $200.00 to $400.00 at a time. In total, HILL wrongfully took for his own use approximately $46,218.20, but also repaid – during that same period – approximately $20,000.00 to bank accounts owned by Lodge 1271.

COUNTS ONE - TWENTY SEVEN

Embezzlement of Assets by Officer of Labor Union
(29 U.S.C. § 501(c))

6. The United States Attorney repeats and incorporates by reference the allegations in paragraphs 1-5 of this Information and further charges:

7. On or about the following dates, at Lawrence and Methuen, within the District of Massachusetts and elsewhere,

ROBERT A. HILL, SR.,

defendant herein, being an officer of a labor organization engaged in an industry affecting commerce, did embezzle, steal and unlawfully and willfully abstract and convert to his own use (and the use of another) the moneys, funds, securities, property, and other assets of said labor organization in the approximate amounts set forth below:

| COUNT | DATE | AMOUNT |
|---|---|---|
| 1 | 06/30/2008 | $200.00 |
| 2 | 07/07/2008 | $300.00 |
| 3 | 07/09/2008 | $300.00 |
| 4 | 07/16/2008 | $300.00 |
| 5 | 07/22/2008 | $200.00 |
| 6 | 07/30/2008 | $200.00 |
| 7 | 08/06/2008 | $300.00 |
| 8 | 08/27/2008 | $300.00 |
| 9 | 09/03/2008 | $400.00 |
| 10 | 09/09/2008 | $400.00 |
| 11 | 09/12/2008 | $300.00 |
| 12 | 09/22/2008 | $400.00 |
| 13 | 09/23/2008 | $400.00 |

| COUNT | DATE | AMOUNT |
|---|---|---|
| 14 | 10/01/2008 | $400.00 |
| 15 | 10/06/2008 | $400.00 |
| 16 | 10/14/2008 | $300.00 |
| 17 | 10/21/2008 | $500.00 |
| 18 | 10/27/2008 | $300.00 |
| 19 | 10/31/2008 | $400.00 |
| 20 | 11/07/2008 | $300.00 |
| 21 | 11/10/2008 | $250.00 |
| 22 | 11/17/2008 | $500.00 |
| 23 | 11/26/2008 | $300.00 |
| 24 | 12/09/2008 | $200.00 |
| 25 | 12/19/2008 | $300.00 |
| 26 | 09/30/2009 | $200.00 |
| 27 | 12/01/2009 | $300.00 |

All in violation of Title 29, United States Code, Section 501(c).

## FORFEITURE ALLEGATION
### (18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461(c))

8. Upon conviction of one or more of the offenses charged in Counts One through Twenty-Seven of this information, the defendant,

### ROBERT A. HILL, SR.,

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, that constitutes, or is derived from, proceeds traceable to the commission of the offenses.

9. If any of the property described in paragraph 8 hereof as being forfeitable pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), as a result of any act or omission of the defendant --

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred to, sold to, or deposited with a third party;

    c. has been placed beyond the jurisdiction of this Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p), to seek forfeiture of all other property of the defendant up to the value of the property described in paragraph 8 above.

All pursuant to Title 18, United States Code, Section 981 and Title 28, United States Code, Section 2461(c).

CARMEN M. ORTIZ
United States Attorney

dated: Sept. 24, 2012

By: _____
PAUL G. LEVENSON
Assistant U.S. Attorney
John Joseph Moakley United States Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3147